```
 1  MARISOL A. NAGATA
    CA NO. 221387
 2  BARRETT DAFFIN FRAPPIER TREDER &
    WEISS, LLP
 3  20955 PATHFINDER ROAD
    SUITE 300
 4  DIAMOND BAR, CA 91765
 5  Phone: (626) 915-5714, Fax: (972) 661-7726
    E-mail:  NDCAECF@BDFTW.com
 6
    Attorney for Movant
 7  WELLS FARGO BANK, N.A., ALSO
    KNOWN AS WACHOVIA MORTAGE, A
 8  DIVISION OF WELLS FARGO BANK, N.A.,
    AND FORMERLY KNOWN AS WACHOVIA
 9  MORTGAGE, FSB, FORMERLY KNOWN AS
10  WORLD SAVINGS BANK, FSB its successors
    and/or assigns
11
                     UNITED STATES BANKRUPTCY COURT
12
                     NORTHERN DISTRICT OF CALIFORNIA
13
14  In re:                          CASE NO.:   10-41105-LT-7
15  MARILU CHAN SHIEH               CHAPTER:  7
                                    R.S. NO.:     EAT-795
16
                                    MOTION FOR RELIEF FROM THE
17                                  AUTOMATIC STAY
18           Debtor.
19
                                    DATE:      April 30, 2010
20                                  TIME:      11:00 a.m.
                                    PLACE:     U.S. Bankruptcy Court
21                                             Courtroom 201, 2nd Floor
                                               1300 Clay Street
22                                             Oakland, CA
23
24      WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTAGE, A
25  DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA
26  MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB its successors
27  and/or assigns, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant
28
                                           1
                          MOTION FOR RELIEF FROM THE AUTOMATIC STAY
```

to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On February 02, 2010, the Debtor MARILU CHAN SHIEH commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Northern District of California, Oakland Division, Case No. 10-41105-LT-7. LOIS I. BRADY is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3. The Debtor's estate includes real property commonly known as 1817 TIOGA PASS WAY, ANTIOCH, CA 94531 and legally described as follows:

> ALL THAT CERTAIN REAL PROPERTY IN THE CITY OF ANTIOCH, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:
>
> LOT 697, AS SHOWN ON THE MAP OF SUBDIVISION 8325 FILED MAY 1, 2000, IN MAP BOOK 419 PAGE 28, CONTRA COSTA COUNTY RECORDS.

4. Movant, its successors and assigns, is the current holder of a ARM Note in the original sum of $640,000.00 executed on or about December 01, 2005 by the Debtor MARILU CHAN SHIEH in favor of WORLD SAVINGS BANK, FSB. The Note is secured by a First priority Deed of Trust against said real property recorded on December 08, 2005, as Instrument No. 2005047228800 in the Office of the County Recorder of Contra Costa County, California.

5. The original loan amount was payable with interest at the initial rate of 6.22% per annum in monthly principal and interest installments commencing January 09, 2006 and continuing thereafter each calendar month through December 26, 2035 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note. The current monthly payment is $1,484.81.

6. The loan is in default for the months of February 04, 2008 through and including February 15, 2010. Delinquent monthly installments total $72,687.60. Another payment of $1,484.81 will become due on March 15, 2010. The ARM Note and Deed of Trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. Movant commenced foreclosure proceedings against the real property by recording a Notice of Default on June 26, 2008. There is currently a foreclosure sale date scheduled for February 10, 2010. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $22,400.00.

8. The Debtor claims under penalty of perjury in Schedule A - Real Property and in Schedule D - Creditors Holding Secured Claims that the real property has a fair market value of $280,000.00. Schedule D - Creditors Holding Secured Claims also states that the real property is encumbered by a second priority Deed of Trust in favor of Chase with an unpaid indebtness of $82,724.00. After deducting the estimated costs of sale and the total encumbrances from the Debtor's value of the real property, there is no remaining equity for the Debtor.

9. Furthermore, the real property has no substantial value for the Debtor's estate. According to Schedule A, the fair market value of the real property is $280,000.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $816,416.47, with additional encumbrances against the property totaling $82,724.00. Since the total encumbrances against the property are estimated to be $899,140.47, there is no equity in this asset for the Chapter 7 Trustee to administer.

10. Since the equity in the real property does not adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1) and/or 11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1. For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure.*

4. For such other relief as the Court deems proper.

BARRETT DAFFIN FRAPPIER TREDER
& WEISS, LLP

Date: April 07, 2010    By: /s/ MARISOL A. NAGATA
MARISOL A. NAGATA
Attorney for Movant

4
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 10-41105    Doc# 20    Filed: 04/07/10    Entered: 04/07/10 13:22:27    Page 4 of 4
bkcabk_MFR.rpt-26/Northern/Oakland/00000001590678    Page 4 of 4